IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM JEROME KENNEDY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:12-CV-365
CRIM. NO. 2:10-CR-095(1)
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On April 16, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objection*, Doc. No. 156, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's conclusion that relief cannot be granted under the controlling law of this Circuit, *United States v. Moody*, 206 F.3d 609 (6th Cir. 2000). He again argues that the holding in *Moody*, (a criminal defendant has no constitutional right to counsel prior to the filing of formal charges against him), is questionable in view of subsequent decisions by the United States Supreme Court. Additionally, Petitioner again argues, as he did previously, that despite application of the law under *Moody*, he is entitled to relief, because Attorney Owen continued to represent him after the filing of formal charges. Petitioner contends that, had Attorney Owen requested the government to dismiss the indictment and permit Petitioner to enter a guilty plea to the information, there is a reasonable probability that he could

1

have obtained a reduced sentence. Finally, Petitioner objects to the Magistrate Judge's suggestion that Petitioner failed to establish prejudice because it was unlikely that he would have obtained a lower sentence in view of the charges against him. Referring to the sentencing transcript, Petitioner argues that the record suggests otherwise.

As discussed by the Magistrate Judge, *Moody* is binding on this Court unless and until the Court of Appeals says otherwise. Further, nothing in the record reflects that, after the indictment was returned, any prior plea deal was still on the table. Thus, Petitioner cannot establish prejudice from any bad advice received from Attorney Owen after formal charges were filed. As to Petitioner's final objection, such issue is not dispositive of Petitioner's claim as the Magistrate Judge so noted in the *Report and Recommendation*, at PageID #780.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, Doc. 156, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

6-17-2013
EDMUND A. SARGUS, JR.
United States District Judge

2